# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH GEORGE MARTINEZ, *et al.*,<br><br>   Defendants. | Case No.: CR 20-00019-CJC<br><br>ORDER OF DETENTION |

Now before the Court is Defendant Johnny Francisco Ruiz's[1] application for reconsideration of this Court's detention order. (Dkt. 447.) On January 23, 2020, Mr. Ruiz was charged alongside twenty-three others with conspiracy to distribute and with possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Dkt. 1 [hereinafter "Indictment"].) Six days later, Mr. Ruiz made his initial appearance before United States Magistrate Judge Patrick J. Walsh. (Dkt. 135.) Over the next few months, Judge Walsh conducted several pretrial detention hearings and

---

[1] Though listed as "Joseph George Martinez" in the Indictment, Defendant's actual name is Johnny Francisco Ruiz.

after each one, ordered Mr. Ruiz detained pending trial.  (Dkt. 138 [Order of Detention].)  Eventually, Mr. Ruiz moved this Court to review Judge Walsh's detention order.

On April 17, 2020, this Court ordered Mr. Ruiz detained after finding that the Government had established by a preponderance of the evidence that he was serious flight risk and by clear and convincing evidence that he was a danger to the community.  (Dkt. 399.)  Mr. Ruiz appealed this detention order, and a Ninth Circuit panel affirmed on May 28, 2020.  (Dkt. 424.)  After this unsuccessful appeal, Mr. Ruiz again petitioned Judge Walsh to reconsider the detention order, citing changed circumstances.  (Dkt. 441.)  Specifically, Mr. Ruiz asserts that his girlfriend's mother recently offered her $85,000 mobile home as justification for one of his proposed sureties.  In Mr. Ruiz's view, this additional collateral addresses the Court's noted concerns about his risk of flight.  (*Id.*)  Judge Walsh disagreed, and once again, Mr. Ruiz asks this Court to review his decision.

The Court is not persuaded that Mr. Ruiz's new collateral mitigates the risks that it identified in its prior order.  The presence of one additional surety has little bearing on the Court's concerns regarding Mr. Ruiz's criminal history, his substance abuse issues, and his participation in a sophisticated drug-trafficking conspiracy.  Based on the same reasons given in its prior order, the Court finds that Mr. Ruiz remains both a flight risk and a danger to the community.  Accordingly, Mr. Ruiz's motion is **DENIED**.[2]

DATED:   June 22, 2020

_____
CORMAC J. CARNEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Crim. P. 57(b); Local Rule 7-15.